RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  12/28/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH P. DAUGHERTY,<br>Appellant | CIVIL ACTION<br>NO. CV04-1896-A |
| VERSUS | |
| JOANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY,<br>Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Joseph P. Daugherty ("Daugherty") filed an application for supplemental security income ("SSI") benefits on January 31, 2002, alleging a disability onset date of October 30, 2001 (Tr. p. 43), due to "severe cardiomyopathy" (Tr. p. 47). That application was denied by the Social Security Administration ("SSA") (Tr. p. 23).

A de novo hearing was held before an administrative law judge ("ALJ") on November 13, 2003, at which Daugherty appeared with his representative and a vocational expert ("VE"). The ALJ found that, although Daugherty suffers from "severe" cardiomyopathy with chronic congestive heart failure and lower back pain (Tr. p. 19), he has the residual functional capacity to perform a significant range of sedentary work and can work as a grader/sorter, a produce inspector, or a hand packer (Tr. p. 20). The ALJ concluded that

Daugherty was not under a disability at any time through the date of her decision on March 25, 2004 (Tr. p. 20).

Daugherty requested a review of the ALJ's decision, the Appeals Council declined to review it (Tr. p. 4), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Daugherty next filed this appeal for judicial review of the Commissioner's decision. Daugherty raises the following issues for review on appeal:

> 1. The ALJ posited a defective Step 5 hypothetical question to the vocational expert.
>
> 2. This matter should be reversed and remanded solely for a calculation of benefits owed.

The Commissioner filed a motion to reverse the Commissioner's decision and remand the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) (Doc. Items 9, 12), so the ALJ can conduct additional administrative proceedings to further consider Daugherty's residual functional capacity and, if warranted, obtain supplemental vocational expert testimony to determine if other jobs exist in the national economy that Daugherty can perform despite his limitations. Daugherty opposes the Commissioner's motion, contending the case should be remanded solely for the purpose of calculating the benefits owed (Doc. Items 11, 15).

Daugherty's appeal and the Commissioner's motion are now before the court for disposition.

## Eligibility for SSI Benefits

To qualify for SSI benefits, a claimant must file an

application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1381(a). Eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. § 1382(a). To establish disability, plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than 12 months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the evidence must take into account whatever in the record fairly

detracts from its weight. Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

### Motion to Remand

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."

4

"[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.3d 517 (5th Cir. 2000).

A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

1.

Daugherty contends the ALJ posited a defective Step 5 hypothetical question to the vocational expert. Specifically, Daugherty argues the hypothetical questions the ALJ posed to the VE erroneously included the assumption that Daugherty can occasionally stoop (Tr. pp. 241-245), despite the fact that Daugherty's treating physician stated he should never stoop and the ALJ specifically

5

found and stated in her decision, as to Daugherty's residual functional capacity, that Daugherty should never climb, kneel crouch, crawl, or *stoop* (Tr. p. 19).

Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions, a determination of non-disability based on such a defective question cannot stand. <u>Boyd v. Apfel</u>, 239 F.3d 698, 706-707 (5th Cir. 2001), citing <u>Bowling v. Shalala</u>, 36 F.3d 431, 436 (5th Cir. 1994).

As admitted by the Commissioner in her motion to reverse and remand, the hypothetical questions posed by the ALJ were defective for the reason complained of by Daugherty - they failed to include the limitations of no climbing, kneeling, crouching, crawling, or stooping. Therefore, the Commissioner's decision is incorrect for that reason. Accordingly, there is good cause to remand this case to the Commissioner.

However, a sixth sentence remand is more appropriate in this case than a fourth sentence remand. Although the Commissioner claims she filed an answer (Doc. Item 7), that pleading is actually a notice of filing the administrative transcript, which is required by this court's scheduling order; although the Commissioner mentions in her notice that she denies Daugherty's claims of

entitlement to benefits, this fails to qualify as an answer pursuant to Fed.R.Civ.P. rule 8.[1] See also, Wright & Miller, 5 Federal Practice and Procedure, Federal Rules of Civil Procedure 3rd, § 1265. Since the Commissioner requested a remand before an answer was filed, and has demonstrated good cause to remand the case, a sixth sentence remand should be granted in order to obtain additional evidence from a vocational expert. In accordance with the sixth sentence remand, the Commissioner's motion to reverse should be denied.

2.

The Commissioner has also requested a remand in order for the ALJ to "further consider" Daugherty's residual functional capacity. However, this would in effect be permitting the Commissioner to appeal her own decision to this court and give her an opportunity to amend her prior findings to Daugherty's detriment. The Commissioner is not entitled to a second chance to prove her case with respect to Daugherty's residual functional capacity.

Daugherty has not contested the ALJ's findings as to his residual functional capacity (his inability to stoop). Therefore, the Commissioner may not request a remand to further consider Daugherty's residual functional capacity unless any changes made to

---

[1] The Commissioner's "answer" (Doc. Item 7) is entitled "Answer and Notice of Filing of Administrative Transcript" and states, in one sentence, "NOW INTO COURT, through undersigned counsel, comes the Commissioner of Social Security, who denies the plaintiff's allegations of entitlement to disability benefits, and further notices the Court and counsel of record of the filing of this administrative transcript pursuant to the standing Scheduling Order in Social Security cases."

her findings are in favor of Daugherty's claim for benefits.

3.

It also appears that Daugherty meets Listing 4.02, Chronic Heart Failure. The ALJ failed to mention this listing, even though she concluded he suffers from chronic congestive heart failure. Therefore, on remand the Commissioner *shall* give specific, detailed consideration to whether Daugherty meets Listing 4.02.[2]

4.

Finally, Daugherty correctly points out the ALJ erred in concluding he can perform "a significant range of sedentary work." Social Security Ruling 96-9p, "Policy Interpretation Ruling Titles II and XVI: Determining Capability to do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work", 1996 WL 374185, *7-*8, states:

> "An ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is

---

[2] Daugherty has documented cardiac enlargement as well as a left ventricular ejection fraction of less than 30 percent (the highest documented is 19%). The court cannot determine from the administrative record whether, pursuant to 4.02B(1), Daugherty was unable to perform an exercise test at a workload equivalent to 5 METS or less due to symptoms of chronic heart failure. A pharmacological stress test was performed through injection of Persantine (Tr. p. ). For those who are unable to perform an exercise stress test, a pharmacological stress test if performed where the stress portion of the nuclear stress test is induced by the intravenous administration of a medicine, such as Persantine. MEDLINEplus Health Information: 107 American Heart Association Journals, M.F. Di Carli, M.D. and S. Dorbala, M.D., "Exercise Testing and Nuclear Scanning," pp. 100-102 (Apr. 2003), *available at* http://www.nlm.nih.gov/medlineplus (a service of the U.S. National Library of Medicine and the National Institutes of Health) and http://circ.ahajournals.org.

> disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping."

However, even accepting Daugherty's residual functional capacity as set forth in ALJ's ruling, which became the Commissioner's final decision, there is no evidence in the administrative record as to whether there are any jobs Daugherty can perform given his true impairments as found and set forth by the ALJ in her decision. Therefore, as suggested in SSR 96-9p, a vocational expert should be consulted, again, to determine whether there are any jobs Daugherty can perform.

Daugherty suggests to this court that the Commissioner should not be given another opportunity to obtain evidence from a vocational expert, citing McQueen v. Apfel, 168 F.3d 152 (5th Cir. 1999), and Allen v. Bowen, 881 F.2d 37, 41 (3d Cir. 1989). In those cases, the Commissioner failed to fully develop the record during the first administrative proceedings, to her own detriment, and asked the court for a remand in order to obtain additional evidence to support her case; that request was denied in both cases. In the case at bar, the Commissioner posed a defective hypothetical to the VE which was to the claimant's detriment, an error which can and should be corrected on remand.

Therefore, the Commissioner's motion to remand should be granted pursuant to Sentence 6 for consideration of whether Daugherty meets Listing 4.02 and, if he does not, for consultation with a vocational expert to determine whether there are any

sedentary jobs Daugherty can perform given his inability to stoop, as well as his other limitations. The Commissioner should not be permitted to re-evaluate Daugherty's residual functional capacity as of the date of the ALJ's/Commissioner's decision of March 25, 2004, since Daugherty did not appeal those findings to this court. The Commissioner should be granted no more than 120 days in which to conduct her additional proceedings and return the case to this court.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's motion to reverse be DENIED.

IT IS FURTHER RECOMMENDED that Daugherty's appeal and the Commissioner's motion to remand be GRANTED and that this case be REMANDED to the Commissioner pursuant to Sentence 6 of 42 U.S.C. § 405(g), solely for consideration of whether Daugherty meets Listing 4.02 and, if he does not, for consultation with a vocational expert to determine whether there are any sedentary jobs Daugherty can perform given his inability to stoop, as well as his other limitations.

IT IS ALSO RECOMMENDED that the Commissioner's motion for remand in order to re-evaluate Daugherty's residual functional capacity as of the date of the ALJ's/Commissioner's decision of March 25, 2004, be DENIED, since Daugherty did not appeal those findings to this court.

IT IS ALSO RECOMMENDED that the Commissioner be granted no more than 120 days in which to conduct her additional proceedings

and return the case to this court.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 28th day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE