U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAR 17 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH P. DAUGHERTY

-vs-

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION NO. 04-1896

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation suggesting this case be remanded to the Commissioner of Social Security first to consider whether Plaintiff has an impairment that meets or medically equals Section 4.02(B) of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. If Section 4.02(B) is not satisfied, the Magistrate Judge recommends the Commissioner be instructed to consult with a vocational expert to determine whether there are any sedentary jobs Plaintiff can perform given his inability to stoop, as well as his other limitations. The Magistrate Judge also suggests that the Commissioner's motion for remand in order to re-evaluate Plaintiff's residual functional capacity as of March 25, 2004 be denied. (Document No. 16.)

After reviewing the entire file in this matter, including the written objections and supplemental authorities, the Court concurs in part with the Magistrate Judge's findings under the applicable law. Therefore, this Court will

adopt the Magistrate Judge's Report and Recommendation subject to the modifications outlined below.

Although the Commissioner has requested reversal and remand under sentence four of 42 U.S.C. § 405(g), the Magistrate Judge recommends denial of the motion to reverse and further suggests remand in this case is more appropriately made under sentence six of 42 U.S.C. § 405(g). The applicable statutory language is quoted in the Report and Recommendation, and it need not be repeated here. It is sufficient to say that this Court finds no reason to depart from the Commissioner's request to utilize the sentence-four remand procedure.

A sentence-four remand must also be accompanied by a judgment affirming, modifying, or reversing the Commissioner's decision. The Commissioner in the captioned matter seeks reversal. However, for the reasons set forth in the Report and Recommendation, the record does not contain sufficient information to warrant a decision regarding Plaintiff's entitlement to supplemental security income benefits. Therefore, modification of the Commissioner's decision is the more appropriate remedy.

The Magistrate Judge also recommends limiting the issues on remand and specifically denying the Commissioner's request to reevaluate Plaintiff's residual functional capacity ("RFC") on the basis that Plaintiff does not contest the ALJ's RFC. However, the undersigned's review of the record shows Plaintiff *has* appealed the RFC determination. In paragraph seven of the Complaint, Plaintiff,

through counsel, alleges: "The ALJ's residual functional capacity finding is not supported by substantial evidence." (Document No. 1.)

Finally, the Magistrate Judge recommends that on remand, the ALJ should consider whether Plaintiff meets or medically equals Section 4.02(B) of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. This suggestion is based on the assumption that Plaintiff's highest documented left ventricular ejection fraction is less than thirty percent, as required by the Listing. (Document No. 16, n. 2.) Dr. Godley's December 12, 2003 report, however, shows Plaintiff's ejection fraction had improved to forty-five percent. (Record, p. 209.) Thus, substantial evidence supports the ALJ's conclusion that Plaintiff did not meet or medically equal Section 4.02(B) of the Listings at the time of the unfavorable decision.

Accordingly, IT IS ORDERED that, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is MODIFIED and the captioned matter is REMANDED to the Commissioner for further proceedings consistent with this Judgment.

SIGNED on this 16 day of March, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE